Filed 12/7/15  Gietzen v. Goveia CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ROD E. GIETZEN et al.,<br><br>    Plaintiffs, Cross-defendants and Respondents,<br><br>v.<br><br>JOSEPH D. GOVEIA et al.,<br><br>    Defendants, Cross-complainants and Appellants. | 2d Civil No. B255925<br>(Super. Ct. No. 56-2012-00413479-CU-CO-VTA)<br>(Ventura County) |

A landlord of a shopping center leased space to a gym whose clients monopolized the parking spaces in the center's common area lot.  A restaurant tenant brought an action against the landlord and the landlord's agent for breach of lease, fraud and misrepresentation, and unfair competition.  The landlord, its agent and an individual who is a principal in the landlord cross-complained for declaratory relief as to its duties with regard to the parking lot.

The trial court awarded damages against the landlord and its agent for breach of lease.  The court also found for the tenant on the cross-complaint.  We reverse the judgment for breach of lease against the landlord's agent.  We affirm the judgment against the landlord.  We also amend the judgment on the cross-complaint for declaratory

relief to declare that neither the landlord's agent nor an individual who is a principal in the tenant are parties to the lease.

## FACTS

Yolanda's, Inc. owns four restaurants in Ventura County. Its founder is Rod E. Gietzen. In 2005, Gietzen was considering moving his Oxnard restaurant to a new location at the Seabridge Shopping Center. Seabridge's owners are K & G/Seabridge II, LLC and Rocklin Covenant Group, LP (collectively "K & G" or "Landlord"). Gietzen negotiated with Seabridge's management company, Kahl and Goveia Commercial Real Estate ("KGCRE"). Joseph Goveia is a principal in both K & G and KGCRE. Amy Williams, vice president of KGCRE, was the principal negotiator for K & G.

To gain Gietzen's interest in becoming a tenant, Williams told him that West Marine, a marine hardware company, was likely to become the "anchor tenant." Williams was aware Gietzen was concerned about the tenant mix because he asked who the other tenants were going to be.

By July 2006, K & G's negotiations with West Marine ended without a lease. Instead, K & G began negotiations with 24 Hour Fitness. Goveia testified it was important that Seabridge have 24 hour Fitness as an anchor tenant. It was a thriving business and could pay well.

Williams knew from her prior experience at a different shopping center that 24 Hour Fitness could cause major parking congestion problems. Gietzen testified that had he known 24 Hour Fitness was going to be a tenant, he would not have entered into the lease and "would have been out of there like a jack rabbit."

On September 25, 2006, K & G received a letter of intent to enter into a lease from 24 Hour Fitness. Two days later, Williams, Goveia and Kahl met with Gietzen to discuss the Yolanda's lease. They did not mention the negotiations with 24 Hour Fitness.

On October 2, 2006, Gietzen signed the lease as president of Yolanda's, Inc. He also signed a personal guarantee of the lease. At the time the lease was signed, no one

2

had informed Gietzen that West Marine would not be the anchor tenant and that 24 Hour Fitness was close to signing a lease.

The Yolanda's lease provisions include:

Article 9.1: "The Common Area shall be available for the nonexclusive use of Tenant during the full term of this Lease or any extension of the term hereof . . . ."

Article 27.2 provides for attorney fees to the prevailing party in any litigation to enforce or interpret the lease.

Article 39 limits the liability of the landlord to the landlord's interest in the shopping center.

Article 40 is an integration clause providing that all agreements and negotiations are merged in the lease and that there are no implied covenants.

Yolanda's took possession of the premises in May 2008 and invested $1.2 million in improvements. It was not until July 2008, after most of the improvements had been made, that Gietzen learned K & G leased to 24 hour Fitness instead of West Marine.

From the beginning of Yolanda's opening, the parking lot was "virtually full" with 24 Hour Fitness customers' cars. The peak hours for the gym coincided exactly with the peak hours for the restaurant. A survey conducted from November 17, 2009, through November 23, 2009, revealed that approximately 95 percent of the automobiles using the parking lot belonged to patrons of 24 Hour Fitness.

To make matters worse, the 24 Hour Fitness lease granted it a "protected parking area." The protected parking area covered more than half the parking lot.

The problem got worse over time. Many of Yolanda's potential customers gave up trying to find a parking space and went to eat elsewhere.

Yolanda's and other tenants complained to K & G about the parking. Initially K & G ignored their complaints. Eventually K & G attempted several strategies including on-site valet parking, requiring tenant employees to park off-site, and providing security guards. None of the strategies worked.

On March 2, 2012, Gietzen, on behalf of himself and Yolanda's, Inc., filed a complaint alleging causes of action for breach of contract, breach of the covenant of

3

good faith and fair dealing, fraud in the inducement, negligent misrepresentation and negligence and unfair competition. The complaint named as defendants Goveia, as an individual, and K & G and KGCRE.

Goveia, K & G and KGCRE filed a cross-complaint seeking declaratory relief to determine who are the parties to the lease and what rights and duties concerning parking are created by the lease. Ultimately Gietzen and Goveia as individuals were removed as parties to the complaint. The parties stipulated that the trial would be heard by a retired judge sitting as a referee.

Based on the referee's findings, the trial court found K & G had a duty to disclose that 24 Hour Fitness would be a tenant and that K & G intentionally concealed the fact. The court also found, however, that Yolanda's causes of action for fraud and negligent misrepresentation are time barred. The court found Yolanda's did not prove its cause of action for unfair competition.

The trial court found for Yolanda's on its causes of action for breach of contract and breach of the covenant of good faith and fair dealing. The court found K & G breached article 9.1 of the lease giving Yolanda's nonexclusive use of the common areas. In a separate phase of the trial, the court awarded Yolanda's damages in the amount of $1,892,835 against all defendants, plus attorney fees and costs.

As to the cross-complaint for declaratory relief, the trial court found that Gietzen, by virtue of his personal guarantee, is a party to the lease. The court found against all defendants and Goveia on the cross-complaint for declaratory relief.

DISCUSSION

I

K & G contends it was error for the trial court to find a breach of contract.

The trial court found K & G breached article 9.1 of the lease: "The Common Area shall be available for the nonexclusive use of Tenant during the full term of this Lease or any extension of the term hereof . . . ." A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being

4

carried into effect, if it can be done without violating the intention of the parties. (Civ. Code, § 1643.)

The reasonable interpretation of the clause is that the common area shall actually be available for the tenant's use, not some hypothetical availability. Where a single tenant takes up the vast majority of the parking spaces (a survey showed 95 percent), it is reasonable to conclude other tenants have been denied use of the common area. In addition, where the landlord at the time of leasing is well aware of the tenant's propensity to deny use to other tenants, it is reasonable to conclude the landlord authorized the denial of use.

K & G argues that the prior experience of Williams, its property manager, at one shopping center is not a basis for concluding it knew the gym's customers would be making parking difficult for other customers. But the court could reasonably conclude Williams's experience at one other shopping center forewarned her of the parking problem a gym would cause.

K & G argues, without citation to authority, that Williams's knowledge cannot be imputed to it. But it is undisputed that Williams was the agent for K & G in negotiating the Yolanda's lease. In most cases a principal will be charged with the knowledge of its agent. (3 Witkin, Summary of Cal. Law (10th ed. 2005) Agency and Employment, § 150, p. 195.) K & G fails to explain why it would not be true in this case.

In any event, Williams's experience with another shopping center is not the only evidence that K & G knew a gym's customers would take over the parking lot. Williams testified that all tenants in a new shopping center are very interested in who the other tenants will be. That is a statement of the obvious. But K & G failed to disclose to Gietzen that 24 Hour Fitness, and not West Marine, would be the anchor tenant. The trial court could reasonably conclude K & G did not inform Gietzen because it knew the gym's customers would monopolize the parking lot.

K & G argues the trial court erred in implying a lease term that gyms are prohibited tenants. But the court implied no such term. Nor did the court imply a lease term that Yolanda's is entitled to a set number of parking spaces or exclusive parking

5

spaces. Instead the court based its decision on the breach of the express lease covenant allowing Yolanda's nonexclusive use of the common area. Yolanda's was, for all practical purposes, deprived of that use.

## II

K & G contends the trial court erred in finding it breached the covenant in bad faith.

There is implied in every contract a covenant of good faith and fair dealing. (1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 798, p. 892.) The covenant requires each party not to do anything that would deprive the other party of the benefits of the contract. (*Ibid.*) The trial court's finding that K & G breached the lease covenant in bad faith is simply another way of saying that it breached the implied covenant of good faith and fair dealing.

K & G points to the general integration clause of the lease. That clause states there are no implied covenants. But it would be unreasonable to construe that clause as meaning K & G is not required to act in good faith.

The good faith of the parties is essential to all contracts. No agreement, no matter how finely crafted, will protect a party if the other party is not acting in good faith. If indeed K & G is contending that the lease allows it to act in bad faith, it must point to a clause more specific than a general clause against implied covenants.

## III

K & G contends it is error for the judgment not to confine its liability to its interest in the shopping center.

Article 39 of the lease provides in part: "The liability of Landlord under this Lease shall be limited to Landlord's interest in the Shopping Center. Tenant agrees to look solely to Landlord's interest in the Shopping Center for the satisfaction of any liability, duty or obligation of Landlord with respect to this Lease, or the relationship of Landlord and Tenant hereunder, and no other assets of Landlord shall be subject to any liability therefor. . . ."

6

Yolanda's points out that K & G failed to raise the matter in the trial court. Thus, K & G has waived the issue for the purposes of this appeal. (Citing *Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 221-222, fn. 15.) Yolanda's also argues the provision raises a post-judgment collection issue, not one that should be addressed in the judgment.

K & G cites no authority for the proposition that a provision such as article 39 must be included in the judgment. The matter is best left for post-judgment proceedings.

IV

K & G contends the trial court erred in finding that Gietzen is a party to the lease.

Although Gietzen is not a tenant, he personally guaranteed the lease. The trial court found Gietzen to be a party to the lease based on his guarantee. The guarantee is referenced in the lease.

K & G argues that there is no authority for the proposition that the landlord owes any duty to the guarantor. K & G also points out that the guarantee was only for the first 24 months of the lease. The guarantee had expired by the time Gietzen bought suit.

Gietzen does not contest K & G's contention that the guarantee expired prior to the time Gietzen filed suit. Thus, even if a guarantor can be considered a party to the lease, Gietzen was no longer a party.

K & G is entitled to a declaration that it owes no duty to Gietzen with regard to the parking.

V

K & G contends that the judgment needs to be amended if it awards damages to Gietzen.

But Gietzen was not a party to the action as of the filing of the first amended complaint. K & G points to nothing in the judgment that would indicate it contains an award to Gietzen. The judgment need not be amended.

7

## VI

KGCRE contends that it cannot be liable for breach of contract.

KGCRE points out that it was only an agent for K & G. It is not a party to the lease. Only a party to a contract may be held liable for its breach. (*Software Design & Application, Ltd. v. Price Waterhouse* (1996) 49 Cal.App.4th 464, 471.)

Yolanda's argues that an agent is liable to third parties where the agent's acts constitute wrongful conduct. (Citing Civ. Code, § 2343; *Ruiz v. Herman Weissker, Inc.* (2005) 130 Cal.App.4th 52, 65.) Undoubtedly an agent may be liable in tort for its own wrongful conduct. But only a party to a contract can breach the contact.

Here the trial court found Yolanda's tort causes of action against KGCRE are time barred. The trial court based its judgment exclusively on the contract causes of action. KGCRE cannot breach a contract between K & G and Yolanda's.

Yolanda's reliance on *Koehrer v. Superior Court* (1986) 181 Cal.App.3d 1155 is misplaced. There the court stated, "The covenant of good faith and fair dealing imposes obligations on the *contracting parties* separate and apart from those consensually agreed to . . . ." (*Id.* at p. 1169, italics added.) KGCRE is not a contracting party. We must reverse the judgment against KGCRE.

It follows that the trial court, in giving judgment on the cross-complaint, should have declared that KGCRE is not a party to the lease and it owes no contractual duties to Yolanda's.

## VII

Goveia contends he voluntarily dismissed his cross-complaint for declaratory relief, thus the trial court erred in awarding attorney fees and costs against him.

After the trial court issued its statement of decision, the defendants raised objections to the proposed judgment. At the hearing on the judgment, Goveia made a motion to dismiss his cross-complaint with prejudice, for himself as an individual only. Goveia made the motion pursuant to Code of Civil Procedure section 581, subdivision (e). Yolanda's did not object to the motion. The trial court's minute order states the court

8

grants the unopposed motion to dismiss. The parties left the hearing to try to settle their differences on the judgment. When that proved impossible, the parties returned to the court. Yolanda's then raised an objection to Goveia's motion to dismiss at the same hearing. The court's minute order of April 9, 2014, states, "The Court confirms and executes the proposed judgment." The proposed judgment provides for judgment against Goveia on the cross-complaint, as well as an award of costs and attorney fees against him.

Goveia filed a notice of entry of dismissal of his cross-complaint. The notice is dated April 15, 2014, but the document in the appellant's appendix contains no file stamp. Goveia filed a notice of appeal on April 23, 2014.

On July 2, 2014, in response to Goveia's notice of entry of dismissal, Yolanda's submitted a proposed order denying Goveia's request for dismissal. The trial court signed the order on July 24, 2014.

Code of Civil Procedure section 581, subdivision (e) provides: "After the actual commencement of trial, the court shall dismiss the complaint, or any causes of action asserted in it, in its entirety or as to any defendants, with prejudice, if the plaintiff requests a dismissal, unless all affected parties to the trial consent to dismissal without prejudice or by order of the court dismissing the same without prejudice on a showing of good cause."

The section is mandatory. It provides that the trial court "shall dismiss" if the plaintiff so requests. It does not require the defendants' consent to a dismissal with prejudice. The trial court initially dismissed Goveia's cross-complaint. It was without authority to rescind the dismissal.

Goveia is mistaken, however, as to the effect of the dismissal. It does not prevent a judgment from being entered against him or an award of costs and attorney fees against him. Thus, although the trial court erred in rescinding the dismissal, the court was correct in entering judgment against Goveia and awarding cross-defendants costs and fees. (See *Foreman Roofing, Inc. v. United Union of Roofers, etc. Workers* (1983) 144

9

Cal.App.3d 99, 108-109.) In fact, a defendant in whose favor a dismissal is entered is the prevailing party as a matter of law. (Code Civ. Proc. § 1032, subd. (a)(4).)

On the complaint, the judgment against KGCRE is reversed. In all other respects, the judgment is affirmed.

On the cross-complaint, the judgment shall be amended to provide that Gietzen is not a party to the lease and K & G owes him no duties with regard to parking, and that KGCRE is not a party to the lease and owes no duties as to parking.

Costs on appeal are awarded to Yolanda's against K & G and Goveia. Costs on appeal are awarded to KGCRE against Yolanda's.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:



YEGAN, J.



PERREN, J.


10

Kent M. Kellegrew, Judge

Superior Court County of Ventura

_____

Voss, Cook & Thel, LLP, Francis T. Donohue III for Defendants, Cross-complainants and Appellants Joseph D. Goveia; K & G/Seabridge II, LLC; Rocklin Covenant Group, LP; and Kahl & Goveia Commercial Real Estate.

Lurie & Seltzer, Barak Lurie, Michael J. Conway for Plaintiffs, Cross-defendants and Respondents Rod E. Gietzen and Yolanda's, Inc.